UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GARRY WESTERN,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 2:16-cv-00010<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

Plaintiff Garry Western has filed a motion under 42 U.S.C. § 406(b)(1)(A) asking that $29,214.00 in attorney's fees be paid to his counsel from Western's past-due Social Security disability insurance benefits awarded by a favorable decision by an administrative law judge on remand from this Court. (Doc. No. 35.) The Social Security Administration does not oppose payment of the award in the full amount requested by Western. (Doc. No. 34.) For the reasons stated below, the Magistrate Judge will recommend that Western's motion (Doc. No. 35) be granted in part and denied in part and that his counsel be awarded attorney's fees in the amount of $27,495.00.

### I.    Factual and Procedural Background

Western's counsel initiated this action for review of the denial of Western's Social Security disability insurance benefits on February 8, 2016. (Doc. No. 1.) Following full briefing by both parties, the Magistrate Judge recommended that Western's motion for judgment on the administrative record be granted (Doc. No. 28). That recommendation was accepted by the District Judge (Doc. No. 29) and the action was remanded for further administrative proceedings.

Western's counsel then moved for fees under the Equal Access to Justice Act (EAJA) (Doc. No. 30). The Social Security Administration opposed that motion in part (Doc. No. 31). The Court granted the motion in part and denied it in part, authorizing a total award of $9,471.00. (Doc. No. 34.)

On remand, the administrative law judge issued a fully favorable decision finding Western disabled during a period of approximately seven years (Doc. No. 35-5) and awarding him past-due benefits in the amount of $140,856.00 (Doc. No. 35-2). Western's counsel now seeks an award of $29,214.00 for his work in this Court, which he represents to be the balance of 25% of the past-due benefit award minus $6,000.00 already received for his work in the administrative forum. (Doc. No. 35-1.)

**II.     Legal Standard**

"Whenever a court renders a judgment favorable to a claimant [in an action before the Commissioner of Social Security] . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This statutory fee cap represents Congress's balancing of the competing goals of protecting financially vulnerable benefits claimants from paying excessive attorney's fees in disability benefits actions and encouraging attorneys to provide effective representation to individuals pursuing such claims. *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989). The Supreme Court has concluded that the "reasonable fee" provision may include contingency fee agreements and directs lower courts to "review [ ] such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel seeking the award bears the burden of demonstrating the reasonableness of the amount requested. *Id.*

In the Sixth Circuit, there is a rebuttable presumption that fee agreements that comply with § 406(b)'s 25-percent cap are reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). That presumption is "subject, however, to a 'floor': 'a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Kaye v. Saul*, No. 3:16-CV-002878, 2020 WL 3964205, at *3 (M.D. Tenn. July 10, 2020) (quoting *Lasley*, 771 F.3d at 309). If a requested rate exceeds the presumptive "floor," the court must determine if the rate is nonetheless reasonable by considering factors "such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases," among others. *Id.* The Sixth Circuit directs that deductions from a 25-percent award should "generally fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

**III.      Analysis**

Western's counsel supports his fee motion with a declaration (Doc. No. 35-2), time records (Doc. No. 35-3), a written fee agreement with Western (Doc. No. 35-4), a memorialization of an oral fee agreement with Western (Doc. No. 35-7), the administrative law judge's fully favorable decision (Doc. No. 35-5), and notices of benefit awards made to Western and his dependents (Doc. Nos. 35-6, 35-8, 35-9).

The Court begins its analysis by determining the relationship of Western's counsel's requested hourly rate to the "standard" hourly rate in disability benefits actions. "Because the Social Security Act prohibits charging or collecting a non-contingent fee from a Social Security disability plaintiff, 42 U.S.C. § 406(b), it is not always a straight-forward proposition to determine

3
Case 2:16-cv-00010     Document 42     Filed 07/22/22     Page 3 of 7 PageID #: 3337

a standard rate for the precise kind and quality of legal services provided in Social Security cases." *Kaye*, 2020 WL 3964205, at *5. This Court has previously taken judicial notice that the "standard rate for experienced Social Security attorneys in Middle Tennessee between 2016 and 2018 . . . was no more than $225."[1] *Id.*

The original fee agreement between Western and his counsel stated that counsel would receive "the lesser of (1) 25% of the total amount of back benefits accrued and paid to the claimant and his/her dependents; or (2) the dollar amount set forth in 42 USC § 406(a)(2)(A) at the time of the favorable decision . . . ." (Doc. No. 35-4.) By its terms, this agreement expired when Western received an initial unfavorable decision from the administrative law judge. (*Id.*) Counsel and Western then entered into an oral agreement that, if Western was ultimately awarded benefits after further representation, counsel's "fee would be 25% of the total amount of back benefits accrued and paid to him and his dependents without any such cap or limit, subject of course to approval of such a fee." (Doc. No. 35-7.) They later memorialized the terms of that agreement in writing.[2] (*Id.*)

Western's counsel represents that he spent 65.1 hours representing Western in this Court and that the hourly rate yielded by the requested $29,214.00 award is thus $449.00 per hour. (Doc. No. 35-1.) This rate is less than twice the standard rate of $225.00 per hour and therefore is presumptively reasonable. *Lasley*, 771 F.3d at 309. However, in the context of awarding Western's counsel fees under the EAJA, the Court found that the claimed number of hours of representation provided in this Court should be reduced to a total of 47 hours. (Doc. No. 34.)

---

[1] Western's counsel actively represented Western in this Court from February 8, 2016, to September 28, 2018.

[2] As the Social Security Administration notes, "this sequence is somewhat unusual" but "does not appear to be specifically disfavored" by the Tennessee Rules of Professional Conduct. (Doc. No. 39.)

Western's counsel offers no reason why the reasonable number of hours spent representing his client in this Court should be different in the context of an award under § 406(b) than it was in the context of an award under the EAJA. The Court finds that its prior decision counsels that the fee award be calculated based upon a total of 47 hours spent representing Western in this Court The hourly rate yielded based upon this number of hours of representation is $622.00, which is approximately 2.75 times the standard rate. Because the requested hourly rate exceeds the statutory floor, the Court must determine whether it is nonetheless reasonable or constitutes a windfall for Western's counsel. *Rodriquez*, 865 F.2d at 746.

In the similar circumstances presented in *Kaye*, the Court considered the amount of time counsel waited for a "return on [ ] investment" in the case and counsel's "complete success" on remand, "years of experience," and "excellent result achieved" to approve a fee award of approximately $580.95 per hour. *Kaye*, 2020 WL 3964205, at *6 n.3. Here, counsel has represented Western for almost a decade—since November 2012, after this Court first remanded Western's benefits claim for further action. (Doc. No. 35-2) (citing *Western v. Social Security Administration*, Case No. 2:12-cv-00025 (M.D. Tenn.)). The Court previously found that "Western began this litigation after the Administration had twice rejected his claim for benefits, resulting in an administrative record that spanned over 2,800 pages" and that counsel "was required to, and did, thoroughly set out the medical evidence supporting Western's claim for benefits, specifically highlighting the evidence that the ALJ either ignored or insufficiently considered."[3] (Doc. No. 34.)

Obtaining a fully favorable decision for Western after this long litigation history is an "excellent result" comparable to that cited by the Court in *Kaye*. Western's counsel is similarly

---

[3] The Court also found that, "although Western raised numerous arguments, many were not sufficiently developed to inform its review," which was the basis for its reduction of the requested EAJA fee award. (*Id.*)

experienced in this area of the law, having litigated "approximately 101" benefits actions in federal courts. (Doc. No. 35-2.) Like counsel in *Kaye*, Western's attorney has waited many years for his "return on investment" in this case due to circumstances beyond his control. Thus, while the Court finds the requested $622.00 per hour rate to be something of a windfall compared to the typical rates of attorneys in this community,[4] the Court will look to *Kaye* for a reasonable reduction of that amount and will recommend a rate of $585.00 per hour. Thus reduced, the appropriate fee award is $27,495.00.

Western's counsel is required to refund to Western the amount of his fee award under the EAJA "up to the point that [Western] receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 789. Western's counsel recognizes this duty and stipulates that he will refund to Western the $9,071.00 EAJA award previously received. (Doc. No. 35-1.)

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Western's motion for attorney's fees (Doc. No. 35) be GRANTED IN PART and DENIED IN PART. The Magistrate Judge RECOMMENDS that the requested $29,214.00 award be reduced to an award of $27,495.00, representing 47 hours of attorney time at an hourly rate of $585.00.

---

[4]     Western's counsel directs the Court to the hourly rates for representing ERISA claimants in federal court as an acceptable comparator, which he cites as "at least $300 to $400 per hour." (Doc. No. 35-2.)

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of July, 2022.

ALISTAIR E. NEWBERN
United States Magistrate Judge